IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID JOSEPH KEMERER and ROSSLYN KEMERER, his wife,<br><br>Plaintiffs,<br><br>vs.<br><br>EVOLVE SKATEBOARDS PTY LTD; EVOLVE SPORTS GROUP, LLC f/k/a EVOLVE LONGBOARDS USA, LLC,<br><br>Defendants. | No:  2:22-CV-1038<br><br><br><br><br><br>**Jury Trial Demanded** |

# COMPLAINT

## PARTIES

1. Plaintiffs, DAVID JOSEPH KEMERER ("Mr. Kemerer") and his wife ROSSLYN KEMERER ("Mrs. Kemerer ") (collectively "Plaintiffs"), are adult individuals currently residing at 144 Orme Road, Ligonier, Pennsylvania 15658.

2. EVOLVE SKATEBOARDS PTY LTD ("Evolve Skateboard") is an Australian company with a principal place of business at 1/15 John Ducan Cr., Varsity Lakes, QLD 4227, Australia, and operates under Australian Business Number (ABN) 62163891469.

3. EVOLVE SPORTS GROUP, LLC, f/k/a EVOLVE LONGBOARDS USA, LLC (collectively "Evolve") (Evolve Skateboard and Evolve will collectively be referred to as "Defendants"), is a limited liability company registered in Michigan with its principal place of business and registered agent located at 3050 Pettis Avenue NE, Ada, Michigan 49301.

{R1346026.1 }

4. Plaintiffs are informed and believe, and thereon allege, that EVOLVE SPORTS GROUP, LLC, formerly known as EVOLVE LONGBOARDS USA, LLC, is registered in the State of California as a foreign limited liability company with a principle place of business at 2870 Whiptail Loop E. Suite, 103, Carlsbad, California, 92010.

5. Evolve maintains a website at https://evolveskateboardsusa.com/ wherein it markets, *inter alia*, electric skateboards for sale.

6. At all times hereinafter mentioned, Defendants were and are in the business of creating, manufacturing, selling, and shipping electric skateboards in the United States, including in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The parties have diverse citizenship and the amount in controversy exceeds the jurisdiction requirement of $75,000.00.

8. Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions on which the claims asserted herein are based occurred within the Western District of Pennsylvania.

## GENERAL ALLEGATIONS

9. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as though set forth fully herein.

10. Evolve is in the business of creating, manufacturing, marketing, selling, and shipping electric skateboards, including an electric skateboard known as the "Bamboo GTR All Terrain" skateboard.

11. Evolve markets the "Bamboo GTR All Terrain" skateboard as being assembled in the United States.

12. Evolve markets the "Bamboo GTR All Terrain" skateboard as offering the capability to conquer any terrain, including on and off road.

13. Evolve markets the "Bamboo GTR All Terrain" skateboard as having a range of up to 19 miles and a top speed of 22 MPH.

14. Evolve represents to the marketplace that it ships its Electric skateboards "anywhere in the United States and Canada."

15. Based on information and belief, Evolve regularly ships Electric skateboards to consumers in Pennsylvania.

16. Based on information and belief, Evolve hires dealers within Pennsylvania to market and sell its Electric skateboards in Pennsylvania.

17. Evolve markets its Electric skateboards through its website as "THE BEST ELECTRIC SKATEBOARDS PERIOD."

18. Evolve markets the "Bamboo GTR All Terrain" skateboard as "known as the ultimate all-rounder board[.]"

19. In July of 2020, Mr. Kemerer purchased a "Bamboo GTR All Terrain" skateboard (the "Electric Skateboard") from Evolve through its website.

20. Evolve shipped Mr. Kemerer the Electric Skateboard to his address in Pennsylvania.

21. Based on information and belief, Evolve shipped the Electric Skateboard from its distribution center in Carlsbad, California.

22. Mr. Kemerer did not make any alterations to the Electric Skateboard after his purchase.

23. At all times relevant, Mr. Kemerer used the Electric Skateboard for its intended purpose.

24. From the time of purchase, Mr. Kemerer used the Electric Skateboard exclusively on paved roads and paths.

25. Prior to using the Electric Skateboard for the first time, Mr. Kemerer reviewed the manual and checked the Electric Skateboard for any apparent issues.

26. At all times relevant, Mr. Kemerer used the Electric Skateboard in "Eco Mode," which limited its top speed to no greater than 12 MPH.

27. On July 26, 2020, while Mr. Kemerer was using the Electric Skateboard in a prudent and reasonable fashion the Electric Skateboard malfunctioned and launched Mr. Kemerer off of the Electric Skateboard (the "Incident").

28. At the time of the Incident, a defect in the front truck caused the front truck wheel assembly to rotate beyond 90 degrees from center, resulting in the Electric Skateboard abruptly and without warning coming to an immediate stop.

29. At the time of the Incident, Mr. Kemerer was an experienced operator of both powered and non-powered skateboards.

30. At the time of the incident, Mr. Kemerer was operating the Electric Skateboard in a prudent and conservative fashion within the parameters of the Electric Skateboard's anticipated use.

31. Mr. Kemerer was not offered any warning that the Electric Skateboard was likely to malfunction.

32. Based on information and belief, the Electric Skateboard was improperly designed, manufactured and/or assembled.

33.     Based on information and belief, there was a defect in the front truck of the Electric Skateboard, which caused the front truck assembly to disengage from the baseplate allowing the front truck assembly to come out of a safe position and to rotate beyond 90 degrees from center.

34.     Based on information and belief, the defect in the Electric Skateboard was the direct and proximate cause of the Incident.

35.     As a result of the Incident, Mr. Kemerer suffered various injuries, including, but not limited to, a left hip intertrochanteric fracture, requiring an open reduction and internal fixation; a left shoulder greater tuberosity fracture; and various scrapes, contusions, abrasions, and soft tissue injuries.

## COUNT I

### STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT

*David Joseph Kemerer v. Evolve Skateboards PTY LTD and Evolve Sports Group, LLC f/k/a Evolve Longboards USA, LLC*

36.     Plaintiffs incorporate by reference all previous paragraphs of this Complaint as though set forth fully herein.

37.     Defendants designed, manufactured, tested, marketed, and distributed into the stream of commerce the Electric Skateboard.

38.     Defendants sold Mr. Kemerer the Electric Skateboard that he operated on July 26, 2020.

39.     The Electric Skateboard was sold by Evolve fully assembled and did not require any consumer assembly by Mr. Kemerer.

40.     The Electric Skateboard and its parts and components were defective and unreasonably dangerous when Defendants placed them into the stream of commerce.

41. The Electric Skateboard's unsafe, defective, and inherently dangerous condition was a cause of the Incident and Mr. Kemerer's injuries.

42. The Electric Skateboard failed to perform as an ordinary consumer would expect when used in an intended and reasonably foreseeable manner.

43. The Incident occurred while Mr. Kemerer was using the Electric Skateboard in a reasonable and foreseeable manner.

44. As a result of a manufacturing defects in the Electric Skateboard, Mr. Kemerer has sustained serious and permanent bodily injuries, including:

   a. a left hip intertrochanteric fracture requiring an open reduction and internal fixation;

   b. a left shoulder greater tuberosity fracture; and

   c. scrapes, contusions, abrasions, and soft tissue injuries.

WHEREFORE, Plaintiffs, David Joseph Kemerer and Rosslyn Kemerer, his wife, demand judgment in their favor and against Defendants, Evolve Skateboards PTY LTD and Evolve Sports Group, LLC f/k/a Evolve Longboards USA, LLC in an amount in excess of $75,000.00 plus interest, costs, and such other relief as the Court deems appropriate.

## COUNT II

### STRICT PRODUCTS LIABILITY – DESIGN DEFECT

*David Joseph Kemerer v. Evolve Skateboards PTY LTD and Evolve Sports Group, LLC f/k/a Evolve Longboards USA, LLC*

45. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as though set forth fully herein.

46. Defendants designed, manufactured, tested, marketed, and distributed into the stream of commerce the Electric Skateboard.

47. Defendants sold Mr. Kemerer the Electric Skateboard that he operated on July 26, 2020.

48. The Electric Skateboard was sold by Evolve fully assembled and did not require any consumer assembly by Mr. Kemerer.

49. The Electric Skateboard and its parts and components were defectively designed and unreasonably dangerous when Defendants placed them into the stream of commerce.

50. The Electric Skateboard's unsafe, defective, and inherently dangerous condition was a cause of the Incident and Mr. Kemerer's injuries.

51. The Electric Skateboard failed to perform as an ordinary consumer would expect when used in an intended and reasonably foreseeable manner.

52. The Incident occurred while Mr. Kemerer was using the Electric Skateboard in a reasonable and foreseeable manner.

53. The Electric Skateboard posed a risk of danger inherent in its design that outweighed any benefits of the design.

54. The Electric skateboard was unsafe and defective, and Defendants knew or should have known that the Electric Skateboard was unsafe and defective when used in a reasonable and foreseeable manner.

55. Defendants had a duty to design its Electric Skateboard so that it was not unreasonably dangerous for its intended use.

56. At the time of the Incident, Mr. Kemerer was using the Electric Skateboard in its intended manner and in a safe and prudent fashion.

57. As a result of the foregoing, Mr. Kemerer has sustained serious and permanent bodily injuries, including:

    a. a left hip intertrochanteric fracture requiring an open reduction and internal fixation;

    b. a left shoulder greater tuberosity fracture; and

    c. scrapes, contusions, abrasions, and soft tissue injuries.

58. As a direct and proximate result of the foregoing, Mr. Kemerer has suffered:

    a. past, present, and future physical and mental pain, suffering, impairment, and inconvenience with respect to his injuries;

    b. past, present and future medical expenses;

    c. loss of the pleasures and enjoyment of life;

    d. worry, anxiety, apprehension, frustration, emotional distress, embarrassment, and humiliation;

    e. limitations of mobility and activities; and

    f. lost income and loss of earning capacity.

WHEREFORE, Plaintiffs, David Joseph Kemerer and Rosslyn Kemerer, his wife, demand judgment in their favor and against Defendants, Evolve Skateboards PTY LTD and Evolve Sports Group, LLC f/k/a Evolve Longboards USA, LLC in an amount in excess of $75,000.00 plus interest, costs, and such other relief as the Court deems appropriate.

## COUNT III

### STRICT PRODUCTS LIABILITY – FAILURE TO WARN

*David Joseph Kemerer v. Evolve Skateboards PTY LTD and Evolve Sports Group, LLC f/k/a Evolve Longboards USA, LLC*

59. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as though set forth fully herein.

60. Based on information and belief, Defendants designed, manufactured, tested, marketed, and distributed the Electric Skateboard that Mr. Kemerer purchased at https://evolveskateboardsusa.com/.

61. At the time Defendants placed the Electric Skateboard into the stream of commerce, Defendants knew, or should have known, that the Electric Skateboard was defective in that it had inadequate warning that the front truck assembly of the Electric Skateboard was likely to come out of a safe position and allow the front truck to twist 90 degrees from center and cause the Electric Skateboard to immediately and without warning come to an abrupt stop when the Electric Skateboard was being used in a reasonable manner for its intended purpose.

62. The Electric Skateboard had potential risks of failure of the front truck assembly at the time of manufacture.

63. The potential risk of the front truck assembly of the Electric Skateboard abruptly coming out of a safe position presented a substantial danger to users of the Electric Skateboard, including Mr. Kemerer, when the Electric Skateboard was used in a reasonable manner for its intended purpose.

64. The potential risk of the front truck assembly of the Electric Skateboard abruptly coming out of a safe position were not something that could have been detected by users of the Electric Skateboard, including Mr. Kemerer, when the Electric Skateboard was used in a reasonable manner for its intended purpose.

65. Defendants did not provide any warning of the potential danger of the front truck assembly of the Electric Skateboard abruptly coming out of a safe position.

66. As a direct and proximate result of Defendants' placement of the Electric Skateboard into the stream of commerce, Mr. Kemerer sustained injuries and damages due to the front truck assembly of the Electric Skateboard abruptly coming out of a safe position.

67. As a result of the foregoing, Mr. Kemerer has sustained serious and permanent bodily injuries, including:

   a. a left hip intertrochanteric fracture requiring an open reduction and internal fixation;

   b. a left shoulder greater tuberosity fracture; and

   c. scrapes, contusions, abrasions, and soft tissue injuries.

68. As a direct and proximate result of the foregoing, Mr. Kemerer has suffered:

   a. past, present, and future physical and mental pain, suffering, impairment, and inconvenience with respect to his injuries;

   b. past, present and future medical expenses;

   c. loss of the pleasures and enjoyment of life;

   d. worry, anxiety, apprehension, frustration, emotional distress, embarrassment, and humiliation;

   e. limitations of mobility and activities; and

   f. lost income and loss of earning capacity.

WHEREFORE, Plaintiffs, David Joseph Kemerer and Rosslyn Kemerer, his wife, demand judgment in their favor and against Defendants, Evolve Skateboards PTY LTD and Evolve Sports Group, LLC f/k/a Evolve Longboards USA, LLC in an amount in excess of $75,000.00 plus interest, costs, and such other relief as the Court deems appropriate.

## COUNT IV

## NEGLIGENCE

### 69. *David Joseph Kemerer v. Evolve Skateboards PTY LTD and Evolve Sports Group, LLC f/k/a Evolve Longboards USA, LLC*

70. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as though set forth fully herein.

71. Based on information and belief, Defendants designed, manufactured, tested, marketed, and distributed the Electric Skateboard that Mr. Kemerer purchased at https://evolveskateboardsusa.com/.

72. Defendants owed a duty to Plaintiffs to exercise reasonable care in designing, manufacturing, testing, and distributing the Electric Skateboard.

73. Defendants owed a duty to Plaintiffs to exercise reasonable care in designing, manufacturing, testing, and distributing the Electric Skateboard into the stream of commerce in such a manner that the ==front truck assembly== of the Electric Skateboard would not abruptly come out of a safe position.

74. The Incident was caused by the negligent, careless, and reckless actions and omissions of Defendants, by and through their agents, servants, and employees.

75. Defendants negligent, careless, and reckless actions and omissions included, but were not limited to the following:

   a. improperly designing the Electric Skateboard in a manner that the front truck assembly of the Electric Skateboard abruptly came out of a safe position;

   b. creating, manufacturing, marketing, selling, distributing, and shipping the Electric Skateboard without first adequately, sufficiently, and/or thoroughly testing it;

  c. failing to identify that the Electric Skateboard was not safe to use for its intended purpose;

  d. failing to identify the dangers that the Electric Skateboard posed to it intended users;

  e. failing to warn Mr. Kemerer of the dangers that the Electric Skateboard posed to it intended users;

  f. failing to provide adequate safety instructions to Mr. Kemerer regarding the use of the Electric Skateboard;

  g. negligently representing that the Electric Skateboard was safe for its intended use;

  h. negligently advertising, marketing, and selling the Electric Skateboard when Defendants knew or should have known of the dangers the Electric Skateboard on the ordinary user when it was used for its intended purpose; and

  i. negligently manufacturing, producing, and selling the Electric Skateboard when the Electric Skateboard was dangerous to the ordinary user when it was used for its intended purpose.

76. Defendants continued to market, manufacture, sell, distribute, and ship the "Bamboo GTR All Terrain" skateboard despite the fact that they knew or should have known that the product would cause harm to ordinary consumers.

77. Defendants knew or should have known that consumers like Mr. Kemerer would suffer foreseeable injury as a result of Defendants' negligent, careless, and reckless actions and omissions.

78. Defendants' negligence in manufacturing, selling, distributing, and shipping the Electric Skateboard that Mr. Kemerer purchased was the direct and proximate cause of the injuries and damages suffered by Mr. Kemerer.

79. As a result of the foregoing, Mr. Kemerer has sustained serious and permanent bodily injuries, including:

    a. a left hip intertrochanteric fracture requiring an open reduction and internal fixation;

    b. a left shoulder greater tuberosity fracture; and

    c. scrapes, contusions, abrasions, and soft tissue injuries.

80. As a direct and proximate result of the foregoing, Mr. Kemerer has suffered:

    a. past, present, and future physical and mental pain, suffering, impairment, and inconvenience with respect to his injuries;

    b. past, present and future medical expenses;

    c. loss of the pleasures and enjoyment of life;

    d. worry, anxiety, apprehension, frustration, emotional distress, embarrassment, and humiliation;

    e. limitations of mobility and activities; and

    f. lost income and loss of earning capacity.

WHEREFORE, Plaintiffs, David Joseph Kemerer and Rosslyn Kemerer, his wife, demand judgment in their favor and against Defendants, Evolve Skateboards PTY LTD and Evolve Sports Group, LLC f/k/a Evolve Longboards USA, LLC in an amount in excess of $75,000.00 plus interest, costs, and such other relief as the Court deems appropriate.

## COUNT V

## BREACH OF EXPRESS WARRANTY

*David Joseph Kemerer v. Evolve Skateboards PTY LTD and Evolve Sports Group, LLC f/k/a Evolve Longboards USA, LLC*

81. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as though set forth fully herein.

82. Defendants designed, manufactured, tested, marketed, and/or distributed the into the stream of commerce the Electric Skateboard.

83. Defendants expressly warranted that the Electric Skateboard was safe, fit for its intended purpose and reasonable use, and was of merchantable quality.

84. The Electric Skateboard placed into the stream of commerce by Defendants did not confirm to these express representations because the Electric Skateboard was defective, hazardous dangerous, not reasonably safe, not fit for its intended or reasonably foreseeable uses, was not of merchantable quality, and did not meet the expectations of consumers, including Mr. Kemerer.

85. The Electric Skateboard was not fit for the purpose it was intended because its defective design made the Electric Skateboard dangerous during ordinary operation.

86. As a result of the foregoing, Mr. Kemerer has sustained serious and permanent bodily injuries, including:

   a. a left hip intertrochanteric fracture requiring an open reduction and internal fixation;

   b. a left shoulder greater tuberosity fracture; and

   c. scrapes, contusions, abrasions, and soft tissue injuries.

87. As a direct and proximate result of the foregoing, Mr. Kemerer has suffered:

   a. past, present, and future physical and mental pain, suffering, impairment, and inconvenience with respect to his injuries;

      b. past, present and future medical expenses;

      c. loss of the pleasures and enjoyment of life;

      d. worry, anxiety, apprehension, frustration, emotional distress, embarrassment, and humiliation;

      e. limitations of mobility and activities; and

      f. lost income and loss of earning capacity.

WHEREFORE, Plaintiffs, David Joseph Kemerer and Rosslyn Kemerer, his wife, demand judgment in their favor and against Defendants, Evolve Skateboards PTY LTD and Evolve Sports Group, LLC f/k/a Evolve Longboards USA, LLC in an amount in excess of $75,000.00 plus interest, costs, and such other relief as the Court deems appropriate.

## COUNT VI

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

*David Joseph Kemerer v. Evolve Skateboards PTY LTD and Evolve Sports Group, LLC f/k/a Evolve Longboards USA, LLC*

88. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as though set forth fully herein.

89. Defendants designed, manufactured, tested, marketed, and/or distributed into the stream of commerce the Electric Skateboard.

90. At the time the Defendants designed, manufactured, tested, marketed, and distributed into the stream of commerce the Electric Skateboard, Defendants knew the use for which the Electric Skateboard was intended and impliedly warranted the Electric Skateboard to be of merchantable quality and safe for its intended use.

91. The Electric Skateboard placed into the stream of commerce by Defendants did not conform to these implied representations because the Electric Skateboard was defective, hazardous, dangerous, not reasonably safe, not fit for its intended or reasonably foreseeable uses,

was not of merchantable quality, and did not meet the expectations of consumers, including Mr. Kemerer.

92. Plaintiffs reasonably relied upon the skill and judgment of Defendants as to determine whether the Electric Skateboard was of merchantable quality and safe for its intended use.

93. Contrary to the Defendants' implied warranties, the Electric Skateboard was not of merchantable quality, nor was it fit for the purpose it was intended because it was defectively designed and unreasonably dangerous.

94. As a result of the foregoing, Mr. Kemerer has sustained serious and permanent bodily injuries, including:

    a. a left hip intertrochanteric fracture requiring an open reduction and internal fixation;

    b. a left shoulder greater tuberosity fracture; and

    c. scrapes, contusions, abrasions, and soft tissue injuries.

95. As a direct and proximate result of the foregoing, Mr. Kemerer has suffered:

    a. past, present, and future physical and mental pain, suffering, impairment, and inconvenience with respect to his injuries;

    b. past, present and future medical expenses;

    c. loss of the pleasures and enjoyment of life;

    d. worry, anxiety, apprehension, frustration, emotional distress, embarrassment, and humiliation;

    e. limitations of mobility and activities; and

    f. lost income and loss of earning capacity.

WHEREFORE, Plaintiffs, David Joseph Kemerer and Rosslyn Kemerer, his wife, demand judgment in their favor and against Defendants, Evolve Skateboards PTY LTD and Evolve Sports

Group, LLC f/k/a Evolve Longboards USA, LLC in an amount in excess of $75,000.00 plus interest, costs, and such other relief as the Court deems appropriate.

## COUNT VI

## LOSS OF CONSORTIUM

*Rosslyn Kemerer v. Evolve Skateboards PTY LTD and Evolve Sports Group, LLC f/k/a Evolve Longboards USA, LLC*

96. Plaintiffs incorporate by reference all previous paragraphs of this Complaint as though set forth fully herein.

97. As a direct and proximate result of the injuries and damages sustained by her husband, Mrs. Kemerer has been damaged as follows:

   a. Mrs. Kemerer has neem and will continue to be compelled to expend large sums of money for Mr. Kemerer's medical care, physical therapy, supplies, appliances, and medicine;

   b. Mrs. Kemerer has been and/or may be compelled to expend large sums of money for hiring help to perform household duties previously performed by Mr. Kemerer; and

   c. Mrs. Kemerer has been and will continue to be deprived of Mr. Kemerer's aid, comfort, assistance, companionship, and consortium.

WHEREFORE, Plaintiffs, David Joseph Kemerer and Rosslyn Kemerer, his wife, demand judgment in their favor and against Defendants, Evolve Skateboards PTY LTD and Evolve Sports Group, LLC f/k/a Evolve Longboards USA, LLC in an amount in excess of $75,000.00 plus interest, costs, and such other relief as the Court deems appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ROBB LEONARD MULVIHILL LLP |
| Date: July 19, 2022 | /s/ *R. Sean O'Connell*<br>R. Sean O'Connell, Esquire<br>PA I.D. #79428<br>500 Grant Street<br>BNY Mellon Center, Suite 2300<br>Pittsburgh, PA 15219<br>Phone: (412) 281-5431<br>Email: soconnell@rlmlawfirm.com<br>*Attorney for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this Complaint has been served via United States First Class Mail, postage prepaid, this 19th of July, 2022, upon the following:

Mark T. Caloyer, Esquire
Lewis Brisbois Bisgaard & Smith LLP
One PPG Place, 28th Floor
Pittsburgh, Pennsylvania 15222


Evolve Skateboards PTY LTD
1/15 John Ducan Cr.
Varsity Lakes, QLD 4227, Australia


Evolve Sports Group, LLC, f/k/a Evolve Longboards USA, LLC
3050 Pettis Avenue NE,
Ada, Michigan 49301

2870 Whiptail Loop E. Suite, 103,
Carlsbad, CA 92010

                                            */s/ R. Sean O'Connell*
                                            R. Sean O'Connell, Esquire